# Third District Court of Appeal

## State of Florida

Opinion filed May 16, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2388
Lower Tribunal No. 12-14823B

_____

**Brandon Durant,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Brandon Durant, in proper person.

Pamela Jo Bondi, Attorney General, and David Llanes, Assistant Attorney General, for appellee.

Before SALTER, EMAS and FERNANDEZ, JJ.

PER CURIAM.

Brandon Durant, the defendant, appeals the trial court's denial of his 3.800(a) motion to correct illegal sentence. Durant was charged with eleven counts of attempted first degree murder with a deadly weapon, after shooting into a home occupied by eleven people. He was charged under the section 775.087, Florida Statutes (2014) ("10/20/Life Statute"); each count of the information alleged that he possessed and discharged a firearm. The jury returned a guilty verdict on all eleven counts. However, the jury found that Durant only possessed a firearm and did not discharge a firearm. The trial court sentenced Durant to life in prison on each of the eleven counts and imposed eleven mandatory minimum consecutive ten-year sentences under the 10/20/Life statute. Durant alleged in his 3.800 motion that his eleven mandatory minimum ten-year sentences are illegal because they were imposed consecutively instead of concurrently.

The Florida Supreme Court has clearly delineated that "consecutive sentencing of mandatory minimum imprisonment terms for multiple firearm offenses is impermissible if the offenses arose from the same criminal episode and a firearm was merely possessed but not discharged." Williams v. State, 186 So. 3d 989, 993 (Fla. 2016); see also Walton v. State, 208 So. 3d 60, 64 (Fla. 2016). Accordingly, we find that the trial court erred when it consecutively sentenced Durant to eleven mandatory minimum ten-year sentences. We thus reverse and remand for correction of the sentence in accordance with the Florida Supreme

2

Court precedent set forth in <u>Williams</u>, 186 So. 3d at 993, and <u>Walton</u>, 208 So. 3d at 64. The defendant need not be present when the trial court enters its order correcting the sentence.

Reversed and remanded with instructions.